**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHRISTINA COALTS-YOUNG**
**et al.,**

                **Plaintiffs,**         **1:14-cv-271**
                                                          **(GLS/CFH)**

              **v.**

**GLENS FALLS HOSPITAL et al.,**

                **Defendants.**
_____

# ORDER

     The court is in receipt of the motion of defendant Mackenzie Jones, CNM, seeking to substitute the United States as defendant for Jones, and to dismiss the complaint against the Untied States, pursuant to the Federal Torts Claims Act,[1] (Dkt. No. 8), and plaintiffs Christina Coalts-Young and Daniel Young's response and cross motion to remand, (Dkt. No. 20).

     First, in their response and cross motion, plaintiffs assert that subject matter jurisdiction is lacking because the government has not submitted the requisite certification by the Attorney General pursuant to 28 U.S.C. § 2679(d)(2). (Dkt. No. 20, Attach. 1 at 2-3.) In her reply, Jones states that the certification was provided by the Assistant United States Attorney,

___

[1] *See* 28 U.S.C. §§ 2671-2680.

Chief of the Civil Division, but that the certification was not attached "because it is not the practice of th[e United States Attorney's Office] to submit those internal documents." (Dkt. No. 26, Attach. 1 ¶ 8.) While the court acknowledges that there may have been a recent change in the policy, the court nevertheless is aware of at least one recent case in which the government did submit a certification signed by the Chief of the Civil Division, and did so with its removal papers, and without provocation from a party or the court. *See Kaminksi v. Markham*, No. 5:13-cv-1478, Dkt. No. 1, Attach. 1 at 21. Further, the first indication that the certification was provided appears in Jones' memorandum of law, filed in support of her motion to substitute and dismiss, (Dkt. No. 8 at 3-4), which gives the court pause as to whether a sufficient record has been established that the certification was in fact provided, and that subject matter jurisdiction has been established. Accordingly, Jones is directed to file a copy of the certification referred to in her memorandum of law, (*id.*), within five (5) days of this Order.

Second, also in their response and cross motion, plaintiffs dispute that Jones was acting within the scope of her federal employment at the time of the incident out of which their claims arose, and request a hearing

or limited discovery on this issue. (Dkt. No. 20, Attach. 1 at 4.) In her reply/response, however, Jones submitted an affidavit from Lori Gravelle, Vice President of Risk Management for Hudson Headwaters Health Network (HHHN), stating, among other things, that, as part of her employment with HHHN, and pursuant to a contractual relationship between HHHN and Glens Falls Hospital, Jones is occasionally assigned to work shifts on the maternity floor at Glens Falls Hospital, and was so assigned on May 3, 2010, the day that Coalts-Young was admitted and delivered her son. (Dkt. No. 26, Attach. 2 ¶¶ 1-4.) Gravelle further stated that Jones was working in her capacity as an HHHN employee. (*Id.*) The court is aware that, pursuant to this District's Local Rule 7.1(c), plaintiffs were not permitted to file a reply to Jones' response to the cross motion without leave of the court. Although they have not sought permission to do so, in light of Gravelle's affidavit and the other documents submitted in Jones' reply/response, plaintiffs may submit a reply in further support of their cross motion within ten (10) days of this Order. Accordingly, it is hereby

**ORDERED** that Jones is directed to submit a copy of the certification within five (5) days of this Order; and it is further

**ORDERED** that plaintiffs may submit a reply in further support of their cross motion within ten (10) days of this Order; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

August 7, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court