**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CHRISTINA COALTS-YOUNG et al.,**

                        **Plaintiffs,**              **1:14-cv-271
(GLS/CFH)**

                        **v.**

**GLENS FALLS HOSPITAL et al.,**

                        **Defendants.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
Dreyer, Boyajian Law Firm          JOHN B. CASEY, ESQ.
75 Columbia Street                    LAUREN S. OWENS, ESQ.
Albany, NY 12210

**FOR THE DEFENDANTS:**
*Glens Falls Hospital*
McPhillips, Fitzgerald Law Firm      JAMES E. CULLUM, ESQ.
288 Glen Street                      JASON T. BRITT, ESQ.
P.O. Box 299
Glens Falls, NY 12801-0299

*Glens Falls Obstetrics &
Gynecology Center, P.C., Michael
Guido, M.D., Douglas Provost, M.D.,
Sereena Coombes, M.D., Marybeth
Manrique, CNM*
Burke, Scolamiero Law Firm        THOMAS J. MORTATI, ESQ.
7 Washington Square
Albany, NY 12212

*Adirondack Neurology Associates,
P.C., Monica Burke, D.O.*

| | |
|---|---|
| Maguire, Cardona Law Firm<br>16 Sage Estate<br>Menands, NY 12204 | DIANE LUFKIN SCHILLING, ESQ.<br>RICHARD R. MAGUIRE, ESQ. |
| D'Agostino, Krackeler Law Firm<br>16 Sage Estate<br>Sage Mansion<br>Menands, NY 12204 | RANDALL J. EZICK, ESQ. |
| *Warren Anesthesiologists, P.C., Patrick Gerdes, M.D., John Leary, M.D.*<br>O'Connor, O'Connor Law Firm<br>20 Corporate Woods Boulevard<br>Albany, NY 12211 | TERENCE P. O'CONNOR, ESQ.<br>MICHELE M. MONSERRATE, ESQ. |
| *Mackenzie Jones, CNM*<br>HON. RICHARD J. HARTUNIAN<br>United States Attorney<br>James T. Foley U.S. Court House<br>445 Broadway, Room 218<br>Albany, NY 12207-2924 | KAREN FOLSTER LESPERANCE<br>Assistant United States Attorney |

## **MEMORANDUM-DECISION AND ORDER**

### I. **Introduction**

Plaintiffs Christina Coalts-Young and Daniel Young commenced this action against multiple defendants, including Mackenzie Jones, CNM,[1]

---

[1] The other defendants include Glens Falls Hospital, Glens Falls Obstetrics & Gynecology Center, P.C., Michael Guido, M.D., Douglas Provost, M.D., Sereena Coombes, M.D., Marybeth Manrique, CNM, Adirondack Neurology Associates, P.C., Monica Burke, D.O., Warren Anesthesiologists, P.C., Patrick Gerdes, M.D., John Leary, M.D, and Julia Clayton, CNM. (Compl., Dkt. No. 1.)

alleging negligence and medical malpractice claims. (*See generally* Compl., Dkt. No. 1, Attach. 2 at 4-12.) After the complaint was filed in New York state court, the United States, on behalf of Jones, removed the action to this court pursuant to 28 U.S.C. § 1441 and the Federal Tort Claims Act (FTCA).[2] (Dkt. No. 1.) Pending are the United States' motion to substitute itself as a defendant in place of Jones, and to dismiss the claims against it for lack of subject matter jurisdiction, (Dkt. No. 8), and plaintiffs' crossmotion to remand, (Dkt. No. 20). For the reasons that follow, the United States' motion is granted, and, although not for the reasons articulated by plaintiffs, plaintiffs' motion to remand is also granted.

## II. Background

### A. Facts[3]

Between May 3, 2010 and May 4, 2010, Coalts-Young delivered her son at Glens Falls Hospital ("the Hospital"), and subsequently suffered a post-partum stroke. (*See generally* Compl.) Plaintiffs allege that defendants were negligent and committed medical malpractice in their provision of care to Coalts-Young. (*Id.*) As a result of defendants'

---

[2] *See* 28 U.S.C. §§ 1346(b), 2671-2680.

[3] Unless otherwise noted, the facts are drawn from plaintiffs' complaint and presented in the light most favorable to them.

negligence, Coalts-Young claims that she has suffered severe and permanent personal injuries. (*Id.* ¶ 23.)

B. <u>**Procedural History**</u>

On October 2, 2012, plaintiffs commenced this action in New York State Supreme Court in Warren County. (Compl.) On March 12, 2014, the United States removed the action to this court, (Dkt. No. 1), and on March 19, 2014, the United States filed its now pending motion to substitute and dismiss, (Dkt. No. 8). In response, plaintiffs filed a crossmotion to remand, and, alternatively, argued that a hearing or limited discovery was necessary in order to determine whether substitution is appropriate. (Dkt. No. 20, Attach. 1 at 4-5.) After the court permitted several rounds of supplemental briefing, (Dkt. Nos. 26, 32, 38, 39), the motions are now ripe for adjudication.

### III. <u>Discussion</u>

A. <u>**Motion to Substitute**</u>

The United States argues that, pursuant to the FTCA, it should be substituted for Jones in this action. (Dkt. No. 8, Attach. 1 at 3-4.) Specifically, the United States contends that, because plaintiffs allege that Jones, an employee of Hudson Healthwaters Health Network (Hudson), a

4

federally funded community healthcare clinic, acted negligently in the course of her employment with Hudson, this action may only be brought against the United States under the provisions of the FTCA. (*Id.*) Plaintiffs, however, argue that the United States has not satisfied all of the procedural requirements in order to properly substitute, and also dispute whether Jones was acting within the scope of her federal employment when she treated Coalts-Young. (Dkt. No. 20, Attach. 1 at 4.) The court agrees with the United States.

The FTCA permits "civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). With certain exceptions not applicable here, this remedy "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim." *Id.* § 2679(b)(1). "Tort claims against entities 'deemed' by the Secretary of Health and Human Services to be part of the United States Public Health Services must be removed to federal court and treated as an action brought against the United States."

*Dalli v. Frech*, 70 F. App'x 46, 46 (2d Cir. 2003). Employees of deemed entities are covered by the FTCA, provided that the Attorney General[4] certifies that they were "acting in the scope of [their] employment at the time of the incident out of which the suit arose." 42 U.S.C. § 233(c); *see* 28 U.S.C. § 2679(d)(2).

Here, Hudson is a deemed Public Health Service employee under 42 U.S.C. § 233(g)-(n), *see* About Us, Hudson Headwaters Health Network, http://www.hhhn.org/AboutUs (last visited Oct. 2, 2014), and the United States Attorney for the Northern District of New York certified that Jones was acting within the scope of her employment with Hudson at the time that she treated Coalts-Young,[5] (Dkt. No. 31, Attach. 1). Plaintiffs, however, contend that: (1) because Coalts-Young was not a patient of Hudson, but instead was a patient of the Hospital, "the United States has failed to demonstrate that the Secretary of Health and Human Services has

---

[4] Department of Justice regulations also authorize the "United States Attorney for the district where the civil action or proceeding is brought" to make this certification. 28 C.F.R. § 15.4(a).

[5] Initially, plaintiffs argued that removal was improper because the United States failed to provide the proper certification required by the FTCA. (Dkt. No. 20, Attach. 1 at 2-3.) After this court ordered the United States to provide the requisite certification, (Dkt. No. 30), the United States furnished a certification from Hon. Richard Hartunian, United States Attorney for the Northern District of New York, (Dkt. No. 31, Attach. 1), and explained that the original certification, which was executed in September 2013, apparently was lost, (Dkt. No. 31).

deemed Hudson . . . to be an employee of the Public Health Service with respect to services provided 'to individuals who are not patients of the entity,'" (Dkt. No. 32 at 1-3 (quoting 42 U.S.C. § 233(g)(1)(B)(ii))); and (2) Jones was not acting within the scope of her federal employment when she treated Coalts-Young, but instead was "a special employee" of the Hospital, (Dkt. No. 20, Attach. 1 at 4; Dkt. No. 32 at 3-4). The court addresses each argument in turn below.

   1.   *Services to Non-Patients*

With respect to plaintiffs' first point, defendants correctly note that, while it is generally true that entities must pre-apply and obtain approval for certain services provided to non-patients, *see* 42 U.S.C. § 233(g)(1)(A), (B), and (C), there are exceptions, one of which is applicable here. (Dkt. No. 39 at 2-4); 42 C.F.R. § 6.6(e)(4)(iii). Indeed, an entity does not have to obtain separate approval for services to non-patients if, "[a]s part of a health center's arrangement with local community providers for after-hours coverage of its patients, the health center's providers are required by their employment contract to provide periodic or occasional cross-coverage for patients of these providers." 42 C.F.R. § 6.6(e)(4)(iii).

Here, as articulated in the affidavit of Lori Gravelle, vice president of

7

risk management for Hudson, "[a]s part of their employment with [Hudson], and pursuant to a contractual relationship between [Hudson] and Glens Falls Hospital, [Hudson]'s OB/GYN care providers—including . . . Jones—were assigned to work shifts on the Maternity Floor at Glens Falls Hospital." (Dkt. No. 26, Attach. 2 ¶¶ 1, 3.) Gravelle further states that "[Hudson] providers are working in their capacity as [Hudson] employees when they work[] these shifts at Glens Falls Hospital, they are expected to do so as a part of their employment with [Hudson], and they are paid by [Hudson] for working these shifts." (*Id.* ¶ 3.) Accordingly, under these circumstances, Hudson was not required to obtain separate approval for services provided to non-patients.

2. *Scope of Employment*

Plaintiffs next contend that Jones was not acting within the scope of her employment with Hudson, but was a special employee of the Hospital, when she cared for Coalts-Young. (Dkt. No. 20, Attach. 1 at 4; Dkt. No. 32 at 3-4.) As to this point, both the United States and the Hospital[6] have

---

[6] Initially, the Hospital took no position as to the United States' motion to substitute and dismiss, but reserved its right to respond to plaintiffs' crossmotion. (Dkt. No. 22.) After plaintiffs raised their theory that Jones was a special employee of the Hospital in their supplemental briefing, (Dkt. No. 32 at 3-4), the Hospital sought the court's permission to file a response, (Dkt. No. 35), which the court granted by text order on August 21, 2013.

submitted evidence indicating otherwise.  (Dkt. No. 26; Dkt. No. 26, Attach. 2; Dkt. No. 26, Attach. 3; Dkt. No. 38; Dkt. No. 38, Attach. 1.)  The court agrees with the United States and the Hospital.

The Supreme Court has held that "the Attorney General's certification that a federal employee was acting within the scope of h[er] employment . . . does not conclusively establish as correct the substitution of the United States as defendant in place of the employee."  *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995).  Instead, "[a] district court conducts a *de novo* review of a 28 U.S.C. § 2679(d) certification by the Attorney General (or his designee) if a plaintiff allege[s] with particularity facts relevant to the scope-of-employment issue."  *United States v. Tomscha*, 150 F. App'x 18, 19 (2d Cir. 2005) (internal quotation marks and citations omitted).  "The court must view the tortious conduct in the light most favorable to plaintiff, but it makes its own findings of fact with respect to the scope of the tortfeasor's employment and, in so doing, the court may rely on evidence outside the pleadings."  *Bello v. United States*, 93 F. App'x 288, 289-90 (2d Cir. 2004) (citation omitted).

In determining whether tortious conduct falls within the scope of a party's employment, district courts apply state law principles.  *See*

9

*Tomscha*, 150 F. App'x at 19. Under New York law, the fundamental question is "whether the act was done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions." *Riviello v. Waldron*, 47 N.Y.2d 297, 302 (1979) (internal quotation marks and citation omitted). Factors relevant to this inquiry include:

> [1] the connection between the time, place and occasion for the act; [2] the history of the relationship between employer and employee as spelled out in actual practice; [3] whether the act is one commonly done by such an employee; [4] the extent of departure from normal methods of performance; and [5] whether the specific act was one that the employer could reasonably have anticipated.

*Id.* at 303 (citations omitted).

Here, as an initial matter, the court is skeptical that plaintiffs "allege[d] with particularity facts relevant to the scope-of-employment issue," and that *de novo* review of the United States Attorney's certification is even necessary here. *Tomscha*, 150 F. App'x at 19 (internal quotation marks and citations omitted). Nevertheless, in an abundance of caution, the court will entertain plaintiffs' arguments. First, plaintiffs contend that they "have rebutted the certification that . . . Jones was acting within the scope of her

10

employment with Hudson," based upon a declaration from Coalts-Young, which simply states that she neither knew that Jones was an employee of Hudson, nor requested care from Hudson employees, and portions of the Hospital's chart, parts of which indicate that Jones indeed provided care to Coalts-Young. (Dkt. No. 20, Attach. 1 at 4; *id.*, Attach. 2 at 8-20; *id.*, Attach. 3.) Further, in support of their argument that Jones was a "special employee of Glens Falls Hospital," plaintiffs simply state, in conclusory fashion, that "we can safely assume that the work activities of . . . Jones were subject to the direction and control of Glens Falls Hospital, and not Hudson," and that "Jones was . . . acting in the scope of [her] employment with Glens Falls Hospital." (Dkt. No. 32 at 3-4.)

The United States, on the other hand, maintains that Jones was acting within the scope of her employment with Hudson. (Dkt. No. 26 at 5.) In support of that position, the United States submitted an affidavit from Gravelle, which demonstrates that Jones has been an employee of Hudson since September 12, 2006, and, as part of her employment with Hudson, was scheduled by Hudson to work the Maternity Floor at Glens Falls Hospital over the two-day period that Coalts-Young delivered her son, and subsequently suffered a post-partum stroke. (Dkt. No. 26, Attach. 2 ¶¶ 2-

11

5.) Specifically, Jones was scheduled to work at Glens Falls Hospital from 1:00-5:00 P.M. on May 3, 2010, and from 5:00-8:00 P.M. on May 4, 2010. (*Id.* ¶¶ 4-5.) Further, payroll records confirm that Jones was paid by Hudson for her shifts at the Hospital. (*Id.* ¶ 4.) The United States also submitted a declaration from Jones, which states that Jones did not bill privately for the services she provided to Coalts-Young, and that she did not receive compensation for the services she provided to Coalts-Young other than her regular compensation from Hudson. (Dkt. No. 26, Attach. 3 ¶ 4.)

Similarly, the Hospital submitted an affidavit from Antoinetta Backus, the manager of physician recruitment and retention at the Hospital. (Dkt. No. 38, Attach. 1 ¶ 1.) Backus stated that, at the time that Jones provided care to Coalts-Young at the Hospital, Jones was an employee of Hudson, and had privileges at the Hospital. (*Id.* ¶¶ 3-4.) Backus further stated that Hudson, not the Hospital, sets the schedule for Jones' work at the Hospital, and that "[t]he Hospital does not actively direct the course of care and treatment that a privileged clinician provides to a patient." (*Id.* ¶¶ 5, 8.)

The court is persuaded by the documents submitted by the United States and the Hospital, which demonstrate that Jones was, in fact, acting

within the scope of her employment with Hudson when she provided care to Coalts-Young. These documents establish that Jones was: (1) providing coverage at the Hospital as part of her employment with Hudson, and pursuant to a contract between Hudson and the Hospital; (2) scheduled to work at the Hospital by Hudson; and (3) compensated by Hudson. (*See generally* Dkt. No. 26, Attach. 2; Dkt. No. 26, Attach. 3.) In contrast, plaintiffs' submissions are rife with conjecture and speculation, and fail to rebut the certification provided by the United States Attorney for the Northern District of New York. *See Marley v. Ibelli*, 52 F. App'x 564, 566 (2d Cir. 2002) (summary order) (holding that the plaintiff's "subjective belief" that conduct was outside the scope of federal employment was not sufficient to refute in particularity the scope of employment certification); *Aryai v. Forfeiture Support Assocs.*, No. 10 Civ. 8952, 2012 WL 10911406, at *10 (S.D.N.Y. Aug. 27, 2012) (noting that "'conclusory statements hardly suffice to refute in particularity the scope of employment certification'" (quoting *Lettis v. U.S. Postal Serv.*, 39 F. Supp. 2d 181, 209 (E.D.N.Y. 1998))). Thus, Jones was acting within the scope of her employment with Hudson, and the United States is substituted for her.

**B.     Motion to Dismiss**

The United States next contends that it must be dismissed because plaintiffs did not file administrative claims with the United States Department of Health and Human Services (HHS) prior to bringing this action, thus depriving the court of subject matter jurisdiction. (Dkt. No. 8, Attach 1 at 4-5.) Plaintiffs do not dispute that an administrative claim was never filed. The court, therefore, agrees with the United States, and dismisses the claims against it.

A prerequisite to maintaining a tort claim against an entity covered by the FTCA is that "the claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency." 28 U.S.C § 2675(a); *see Furman v. U.S. Postal Serv.*, 349 F. Supp. 2d 553, 557 (E.D.N.Y. 2004) ("Compliance with Section 2675 'is strictly construed.' Without this administrative exhaustion, courts lack subject matter jurisdiction over the claim." (citation omitted)); *Deutsch v. Fed. Bureau of Prisons*, 737 F. Supp. 261, 266 (S.D.N.Y. 1990) ("[T]he filing of an administrative claim is considered a jurisdictional prerequisite to maintaining an action under the FTCA which cannot be waived.").

Here, the United States maintains that plaintiffs never filed an administrative claim with HHS. (Dkt. No. 8, Attach 1 at 4-5.) In support, it

14

submitted a declaration from Meredith Torres, a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services. (Dkt. No. 8, Attach. 2 ¶ 1.) Torres stated that, after searching an HHS database, which contains a record of administrative tort claims filed with HHS, including those filed with respect to federally funded healthcare clinics that have been deemed to be eligible for FTCA malpractice coverage, she found that no administrative tort claims have been filed by plaintiffs relating to Hudson and/or Jones. (*Id.* ¶¶ 2, 4.) Plaintiffs do not dispute that an administrative claim was never filed. Therefore, because plaintiffs failed to file an administrative claim, the claims against the United States are dismissed without prejudice.

C. **Supplemental Jurisdiction**

Having dismissed plaintiffs' claims against the United States—which were the only claims over which the court had original jurisdiction—the court declines to exercise supplemental jurisdiction over plaintiffs' claims against the remaining defendants. *See* 28 U.S.C. § 1367(c); *Butler v. LaBarge*, No. 9:09-cv-1106, 2010 WL 3907258, at *3 (N.D.N.Y. Sept. 30, 2010) ("In the absence of original federal jurisdiction, the decision of whether to exercise jurisdiction over pendent state law claims is within the

court's discretion." ).

In doing so, the court remands plaintiffs' state law claims to state court. Remand is appropriate because it "promote[s] the comity interest that informs the doctrine of supplemental jurisdiction," this case is in its infancy, state court was, and remains, the forum of plaintiffs' choice, and plaintiffs' counsel seemingly was unaware of the federal character of its claims against Jones, i.e., "there is no specter . . . of any bad faith effort to 'manipulate the forum' in a manner that counsels against a remand." *De Hernandez v. Lutheran Med. Ctr.*, No. 01-CV-6730, 2002 WL 31102638, at *2 (E.D.N.Y. Sept. 11, 2002); *see Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (holding, later codified in 28 U.S.C §1367(c)(3), that a district court has discretion to remand to state court a properly removed case involving supplemental claims "upon a proper determination that retaining jurisdiction over the case would be inappropriate"); *see also Marra v. Hughes*, No. 1:11-CV-0400, 2011 WL 2971882, at *3 (N.D.N.Y. July 21, 2011). Accordingly, the court declines jurisdiction over any state law claims, and the case is remanded to state court.

## IV.  Conclusion

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that the United States' motion, on behalf of Mackenzie Jones, CNM, to substitute and dismiss (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED** that the Clerk substitute the United States as defendant in this action in place of Mackenzie Jones, CNM; and it is further

**ORDERED** that the complaint is **DISMISSED** against the United States without prejudice; and it is further

**ORDERED** that plaintiffs' motion to remand (Dkt. No. 20) is **GRANTED**; and it is further

**ORDERED** that the remaining claims in this action against remaining defendants Glens Falls Hospital, Glens Falls Obstetrics & Gynecology Center, P.C., Michael Guido, M.D., Douglas Provost, M.D., Sereena Coombes, M.D., Marybeth Manrique, CNM, Adirondack Neurology Associates, P.C., Monica Burke, D.O., Warren Anesthesiologists, P.C., Patrick Gerdes, M.D., John Leary, M.D., and Julia Clayton, CNM are **REMANDED** to state court; and it is further

**ORDERED** that the Clerk forward a copy of this Memorandum-Decision and Order to the Clerk for the New York State Supreme Court in Warren County and instruct her to file this Memorandum-Decision and

Order in *Coalts-Young et al. v. Glens Falls Hospital et al.*, Index No. 57908; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Memorandum-Decision and Order upon the parties.

**IT IS SO ORDERED.**

November 16, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court